## IN THE COURT OF APPEALS OF IOWA

No. 17-1497
Filed December 6, 2017

**IN THE INTEREST OF E.T.,**
**Minor Child,**

**E.T., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

Jean Capdevila, Davenport, for appellant father.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Christine Frederick of Zamora Taylor Woods and Frederick, Davenport, guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

A father appeals the termination of his parental rights to his child, born in 2008. He contends (1) the department of human services failed to make reasonable efforts toward reunification and (2) termination was not in the child's best interests.

**I.** The department must make reasonable efforts to reunify parent and child following removal. *See In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). This obligation may extend to incarcerated parents depending on the circumstances of the case. *See In re S.J.*, 620 N.W.2d 522, 525 (Iowa Ct. App. 2000).

Our de novo review of the record reveals the following facts. The father was imprisoned for sexually abusing the child's older half-sibling. The child that is the subject of this proceeding was removed from his parents in 2014 and was adjudicated in need of assistance.

The department allowed the father to participate in family team meetings and facilitated home studies of relatives the father identified as possible placement options. The department also kept the father apprised of developments in the child-in-need-of-assistance proceeding and assisted in arranging his participation in early court proceedings.

In time, the department of corrections rather than the department of human services took over the provision of services, including courses on parenting. The father completed one of the courses and was on a waiting list for the second. The department of corrections disallowed contact with his child until he completed this programing. Even at that point, the likelihood of visits was low, given the child's highly fraught memories of his father and his apparent knowledge of the sex abuse.

We conclude the department afforded reunification services tailored to the circumstances of this case. *Id.*

**II.** Termination must be in a child's best interests. *See* Iowa Code § 232.116(2) (2017). As the district court stated, the father is "an untreated child sex offender at this point and cannot have contact with children." We also note he is in no position to take custody of the child, even if his treatment regimen were complete.

We affirm the termination of the father's parental rights to this child.

**AFFIRMED.**